**ELVIS PRESLEY ENTERPRISES, INC., a Tennessee corporation; National Bank of Commerce, Trustee of the Promenade Trust; Sofa Entertainment Inc., a California corporation; Jane Meadows Allen, Trustee of the Allen Family Revocable Living Trust; Jerry Leiber, individually d/b/a Jerry Leiber Music; Mike Stoller, individually d/b/a Mike Stoller Music; Julian J. Aberbach, an individual; Alfred Wertheimer, an individual, Plaintiffs—Appellees,**

v.

PASSPORT VIDEO, a business of unknown form and origin; Passport International Productions, Inc.; Passport International Productions of California, Inc., a California corporation; Dante J. Pugliese, an individual, Defendants.

and

Passport International Entertainment, LLC, Defendant—Appellee.

No. 08–55084.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2009.

Filed May 29, 2009.

George R. Hedges, Esquire, Quinn Emanuel Urquhart Oliver & Hedges LLP, Kinh–Luan Tran, Esquire, Lee & Tran, Los Angeles, CA, Plaintiffs–Appellees.

Michael R. Blaha, Esquire, Law Offices of Michael Blaha, Santa Monica, CA, Defendants.

Allen Hyman, Law Offices of Allen Hyman, North Hollywood, CA, for Defendant–Appellee.

Before: RYMER, KLEINFELD and SILVERMAN, Circuit Judges.

MEMORANDUM [*]

Passport International Entertainment, LLC (PIE) appeals the district court's order adding it as a judgment debtor. We affirm.

The district court did not abuse its discretion in amending the judgment. *See Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 421 (9th Cir. 1998). Substantial evidence supports the district court's finding that PIE is a successor corporation to Passport International Productions (PIP) and Passport International Productions of California (PIP–CA), and that the asset transfers were fraudulent and undertaken for the purpose of escaping liability. *See* Cal. Civ.Code

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§§ 3439.04, .07; *McClellan v. Northridge Park Townhome Owners Ass'n.*, 89 Cal. App.4th 746, 107 Cal.Rptr.2d 702, 707–08 (Cal.Ct.App.2001). PIE has the same shareholder, same directors, same assets, and same business as PIP and PIP–CA did. The timing of the assets transfer also supports the district court's conclusion that PIE is "merely a continuation" of PIP and PIP–CA. *See McClellan*, 107 Cal. Rptr.2d at 707. At most, Florence Pugliese's [1] supposed foreclosure of her security interests was one part of a series of fraudulent transfers undertaken to avoid liability to creditors. *See id.*; *cf. Katzir's Floor & Home Design, Inc. v. M–MLS. com*, 394 F.3d 1143, 1150–51 (9th Cir.2004).

**AFFIRMED.**

---

1. Assuming without deciding that PIE may challenge whether joinder of Florence Pugliese is necessary, it failed to do so in its opening brief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996). The district court effectively resolved the issue by denying her motion to intervene, and even were we to consider a joinder claim now, *cf. UOP v. United States*, 99 F.3d 344, 347 (9th Cir.1996), we see no basis for holding differently. *See* Fed.R.Civ.P. 19, 24(a)(2).